UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN ADMIRALTY

CARDINAL MARINE, LLC

    Plaintiff,

v.

CORBETT AGGREGATES COMPANIES, LLC
*also known as* CORBETT AGGREGATE
COMPANY, LLC, and FV JUST ONE MORE LLC,

    Defendants.
_____/

## VERIFIED COMPLAINT

Plaintiff Cardinal Marine, LLC ("**Cardinal**" or "**Plaintiff**"), by and through its attorneys Holland & Knight LLP, brings this action pursuant to Rule 9(h) against Defendant Corbett Aggregates Companies, LLC, also known as Corbett Aggregate Company, LLC ("**CAC**"), and Defendant FV Just One More LLC ("**Just One More**") (CAC and Just One More, collectively, "**Defendants**") and respectfully alleges and pleads the following:

## JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for the breach of maritime contract for towage services. This Court has admiralty jurisdiction under 28 U.S.C. § 1333 and Rule B of the Supplemental Rules for Admiralty or Maritime Claims ("**Supplemental Rule B**").

2. Venue is proper in this district because Defendants' property subject to attachment under the provisions of Supplemental Rule B is within the District in the form of proceeds held or otherwise received for the sale of the 61' Viking Sport Fishing yacht *F/V JUST ONE MORE* (Official No. 1228775) (the "**Vessel**"), and garnishees and paying agents in possession of

Defendants' property within the meaning of Supplemental Rule B are also located and can be served with process within the District.

## THE PARTIES

3. Cardinal is a corporation or business entity organized and existing pursuant to the laws of New Jersey, with a place of business in Rumson, New Jersey.

4. Defendant CAC is a limited liability corporation organized and existing pursuant to the laws of New Jersey. CAC is not registered in New York as a foreign entity and, as of the date of this filing, is in Chapter 7 bankruptcy under the control and supervision of a court appointed trustee in New Jersey and has no business activities or offices in New York. Prior to filing for bankruptcy, CAC was the owner and operator of a major sand and gravel pit/mining operation in Quinton Township, New Jersey, with substantial assets and real property in New Jersey and New York. At all relevant times, CAC was owned and controlled by Thomas F. Corbett and his wife, Kimberly Corbett (the "**Corbetts**").

5. Defendant Just One More is a limited liability corporation organized and existing pursuant to the laws of New Jersey and is the registered owner of the Vessel. *See* United States Coast Guard Abstract of Title for Vessel, attached hereto as **Exhibit 1**. Just One More is a single asset, special purpose vessel owning entity, which was created by the principals of Defendant CAC, the Corbetts, for the sole and fraudulent purpose of hiding assets belonging to CAC from CAC's creditors and the bankruptcy estate, whose assets were then used to purchase the Vessel in a further effort to conceal the Vessel from CAC's creditors and bankruptcy estate.

6. Just One More has no business activities or offices in New York; however, the Vessel is in the process of being sold and the proceeds of such sale are how or will soon be in the possession of garnishees located within this District including yacht broker Staten Island Yachts

Sales (with offices in Freeport, Long Island and Staten Island) and at the known bank used by defendant FV Just One More LLC, at the account of Thomas Corbett which is known to contain comingled funds of FV Just One More LLC which will be received the sale proceeds directly from the buyer or via the broker.

7. CAC cannot be found in this District within the meaning of Supplemental Rule B. *See* **Exhibit 8**, Declaration of James H. Power.

8. Just One More cannot be found in this District within the meaning of Supplemental Rule B. *See id.*

## BACKGROUND AND RELATED ACTIONS

9. Cardinal and CAC were parties to a maritime contract for towing services dated March 13, 2015 (the "Agreement"), which Agreement CAC breached by failing to pay certain invoices for towing services rendered.

10. In 2016 Cardinal commenced an action for breach of maritime contract against Corbett ("**Cardinal's Maritime Claim**") in the United States District Court District of New Jersey styled *Cardinal Marine, LLC v. Corbett Aggregate Company, LLC*, 1:16-cv-07833-ESK-TJB (D. NJ) (the "**New Jersey Action**"). In December 2021 the district court issued an order granting, in part, Cardinal's motion for summary judgment, finding Corbett Aggregate liable for Cardinal's Maritime Claim. *See* ECF Dkt. # 77 (order dated Dec. 21, 2021) in the New Jersey Action, attached hereto as **Exhibit 2**.

11. The damages for Cardinal's breach of contract claim, inclusive of contract interest (set forth in the towage contract at 18%/month) and attorney's fees pursuant to the parties' agreement, are calculated to be $20,539,936.30 as of the date of this Complaint.

12. During the pendency of the New Jersey Action, CAC entered into an asset purchase agreement dated April 17, 2017 (the "**Asset Purchase Agreement**"), pursuant to which CAC, under the direction and control of the Corbetts, sold the majority of CAC's assets and properties to Eastern Concrete Materials, Inc. The relevant portions of the Asset Purchase Agreement are attached hereto as **Exhibit 3**. Pursuant to the terms of the Asset Purchase Agreement, sellers (CAC) were to be paid $52,000,000 million by Eastern for the sale of CAC's assets.

13. In July of 2024, Cardinal commenced an action against CAC in the Eastern District of Pennsylvania seeking a Rule B maritime attachment of CAC's account at Fulton Bank. *See Cardinal Marine, LLC v. Corbett Aggregates Companies*, 2:24-cv-03608-GAM (E.D. Penn.) (the "**Pennsylvania Rule B Action**"). Pursuant to the order and writ of attachment issued by the Court in that action, Cardinal restrained $9,317.62, which were the only funds in CAC's account at Fulton Bank. *See* Pennsylvania Rule B Action at Dkt. # 8 & 9 (order and writ of attachment), attached hereto as **Exhibit 4**.

14. On November 8, 2024, CAC filed for Chapter 7 Bankruptcy in the District of New Jersey, *see In re Corbett Aggregates Companies, LLC*, 24-21132-ABA (Bankr. D. N.J.) (the "**New Jersey Bankr. Action**"), in which proceedings the Court appointed as CAC's trustee Mr. Thomas J. Subranni (the "**Trustee**"). The Trustee appointed as its counsel Mr. Jeffery Kurtzman of Kurtzman Steady LLC, whose appointment the Court approved. *See* New Jersey Bankr. Action at Dkt # 11.

15. According to CAC's schedule of assets and liabilities filed in the New Jersey Bankr. Action, on the Petition Date CAC held a balance of only $9,317.62 in CAC's account at Fulton Bank (i.e., the funds that had been attached in the Pennsylvania Rule B Action). CAC's petition also disclosed, however, an additional $116,020 belonging to CAC was held in the Corbetts'

4

personal bank account at Empire State Bank, account ending 8230. *See* Dkt. # 1. The Corbetts also hold funds belonging to CAC in their personal bank account at Empire State Bank, in account ending 9467 (accounts ending 8203 and 9467, collectively the "**Corbetts' Empire State Bank Accounts**"). The Corbetts' then comingled further the CAC's funds received into the Corbetts' Empire State Bank with several other Corbett controlled entities, including Defendant Just One More. As such it is known that at all materials time the accounts of Thomas and Kimberly Corbett at Empire State Bank contain funds of the Defendants.

16. Testimony, bank records, and other documents obtained in the New Jersey Bankr. Action reveal that CAC received directly $29,000,000 from the Asset Purchase Agreement in its bank accounts in July 2019. Thereafter, in a number of wire transactions between July and December 2019, a significant portion of those funds (approximately $7,289,500) were transferred to the Corbetts' Empire State Bank Accounts. These transfers were made without consideration or value to CAC while the New Jersey Action was pending, and were made for the sole purpose of hiding CAC's assets from CAC's creditors, namely Cardinal.

17. The Corbetts caused the incorporation of Just One More in 2020 and then used it as a shell company to purchase the Vessel with funds belonging to CAC for an amount believed to be in excess of $1,000,000.

18. Just One More was at all relevant times completely capitalized and funded with funds belonging to CAC, which were fraudulently transferred to it by the Corbetts through the Corbetts' Empire State Bank Accounts. Starting from January 2021, through the filing of CAC's bankruptcy petition in November 2024, the Corbetts regularly transferred funds belonging to CAC to Just One More's bank account in the total amount of over $1,100,000. These funds were used

by the Corbetts to support the Corbetts' personal use of the Vessel and to perform repairs and upgrades to the Vessel in order to increase the value of the Vessel for sale.

19. On December 19, 2024, with the knowledge and consent of the Trustee, Cardinal commenced a civil action against CAC in the United States District Court for the Southern District of New York seeking a maritime attachment of CAC's property in the hands of certain garnishees located in the district pursuant to Rule B, styled *Cardinal Marine, LLC v. Corbett Aggregates Companies also known as Corbett Aggregate Company, LLC*, 1:24-cv-09815 (S.D.N.Y.) (the "**NY Rule B Action**").

20. On December 20, 2024, the court in the NY Rule B Action entered an order and writ of attachment, a copy of which is annexed hereto as **Exhibit 5**, (the "**NY Order and Writ of Attachment**"), attaching all of CAC's property and assets in the district, including funds belonging to and held on behalf of CAC in deposit accounts maintained by several other Corbett entities and the Corbetts personally[1] at Empire State Bank and Webster Bank, as well as other banks located in the District.

21. The NY Order and Writ of Attachment was served on several NY banks resulting in the attachment of several accounts holding funds belonging to CAC with a collective balance of approximately $400,000.

22. On January 13, 2025, Cardinal and the Trustee entered into a Settlement and Mutual Release Agreement in order to resolve Cardinal's Maritime Claims against CAC, and certain counterclaims that had been asserted by CAC's against Cardinal in the N.J. Action, in the total

---

[1] The Garnishees identified in the NY Order and Writ of Attachment as holding funds belonging to CAC in their bank accounts include Thomas F. Corbett, Kimberly Corbett, National Docks, LLC, Corbett Waterways, LLC, North Shore Terminal Staten Island LLC, and Thomas F. Corbett Associates, LLC.

6

amount of $19,984,936.34 (the "**Settlement Agreement**"). The Settlement Agreement is attached hereto as **Exhibit 6**.

23. On February 18, 2025, the N.J. Bankr. Court issued an order approving the Settlement Agreement. The February 18, 2025 order of the N.J. Bankr. Court is attached hereto as **Exhibit 7**.

## ALTER-EGO LIABILITY

24. Just One More is owned by, and completely controlled by, the same members and managing members as Defendant CAC, namely, the Corbetts.

25. Just One More was incorporated for the purpose of receiving funds belonging to CAC in order to conceal those funds from CAC's creditors, including specifically Cardinal, and as a repository for the funds the Corbetts have syphoned off of CAC for their own personal benefit and enjoyment. This was all part of the Corbetts' overall scheme to deplete CAC of all its funds and assets prior to filing for bankruptcy, including the tens of millions in proceeds CAC received for the sale of its assets under the Asset Purchase Agreement, in an attempt to conceal CAC's assets from the bankruptcy estate and from CAC's creditors, namely, Plaintiff Cardinal.

26. Starting from July 2020 to CAC's bankruptcy filing in November 2024, the Corbetts used CAC funds to purchase the Vessel, and thereafter to repair, refurbish, and add value to the Vessel through a series of fraudulent conveyances to Just One More routed through the Corbetts' Empire State Bank Accounts. None of these transactions were made for value or consideration, and were made with no benefit to CAC.

27. Just For One has no independent source of income or earnings, no business activities, and exists for the sole purpose of receiving fraudulently conveyed funds belonging to CAC in order to conceal those funds from CAC's creditors and bankruptcy estate.

28. In this way, the Corbetts so controlled CAC and Just One More, disregarding each entities corporate form, and using both entities to fraudulently convey assets belonging to CAC for their own personal gain and enjoyment, and to conceal CAC's funds from its creditors and bankruptcy estate, such that justifies treating CAC and Just One More as alter egos of each other.

29. While Just For One is nominally the registered owner of the Vessel, the Vessel was purchased, maintained, refurbished, managed, and controlled using CAC's funds, for which CAC received no benefit. Thus, the Vessel actually belongs to CAC and should the vessel be imminently sold, as is believed to be the case, the sale proceeds are thus similarly the funds of CAC.

30. As alter-egos of each other, Just One More is liable for CAC's debts and liabilities, including Cardinal's Maritime Claims, and the Vessel is property belonging to defendants subject to maritime attachment for Cardinale's Maritime Claims pursuant to Supplemental Rule B and amounts owed to Cardinal under the Settlement Agreement in the amount of $19,984,636.34.

## REQUEST FOR ORDER OF MARITIME ATTACHMENT

31. Cardinal repeats and realleges the allegations set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. As noted above, CAC is liable for Cardinal's Maritime Claim in the amount of $19,984,936.34 pursuant to the Settlement Agreement. Just For One is liable for Cardinal's Maritime Claim as the alter ego of CAC.

33. As established by the Declaration of James Power dated April 3, 2025, Defendants CAC and Just One More cannot be found within the District within the meaning of Supplemental Rule B. *See* Exhibit 8.

34. Defendants have within the District tangible property in the form of the funds, monies cash, credits currently in the possession of garnishee yacht broker Staten Island Yacht Sales with offices in both Staten Island and Freeport, Long Island and Empire State Bank.

35. Upon information and belief, Defendants also have other property within the district in the hands of garnishees in the form of funds on deposit, on account, or in escrow, and other tangible property appurtenant to or being held for the benefit of Defendants and the Vessel.

36. Cardinal seeks the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B, attaching, *inter alia*, any property of the Defendants in this District, including escrow funds received or soon to be received as well as sale proceeds for the sale of the Vessel *F/V JUST ONE MORE* (Official No. 1228775), as well as belonging to the Defendants, and other property of the Defendants including funds held on behalf of Defendants in the hands of garnishees Thomas Corbett and Kimberly Corbett who reside in Staten Island, Staten Island Yacht Sales (Staten Island and Freeport, LI), Empire State Bank, all within the District, for the purposes of obtaining security for Cardinal's Maritime Claims in an amount up to $19,984,936.34.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cardinal respectfully requests that this Court enter judgment as follows:

i) That process in due form of law according the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendants and said Defendants be cited to appear and answer the allegations of the Verified Complaint;

ii) That because the Defendants cannot be found within the District pursuant to Supplemental Rule B, all of the assets of the Defendants presently within the District, or assets expected in the District during the pendency of this action, including, but not limited to, the Vessel *F/V JUST ONE MORE* (Official No. 1228775), be attached and garnished in an amount sufficient to answer Cardinal's Maritime Claim and satisfy the Settlement Agreement in the amount of $19,984,936.34.

iii) That a writ of maritime attachment be issued against Defendants Corbett Aggregates Companies, LLC, and FV Just One More LLC, that their property, including the Vessel and all other goods, chattels, credits, bills of lading, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belongs to it, is claimed by it, is being held for it or on its behalf by within this district may be attached in amount sufficient to answer Cardinal's Maritime Claim in the amount of $19,984,936.34;

iv) That this Court retain jurisdiction over this matter through the entry of any final judgment or other final adjudication of creditor claims in the New Jersey Bankr. Action, *In re Corbett Aggregates Companies, LLC*, 24-21132-ABA (Bankr. D. N.J.);

v) That pursuant to Rule 4(c)(1)&(2) of the Federal Rules of Civil Procedure that the writs of attachment and garnishment may be served by any person who is not less than 18 years old, and who is not a party to this action; and

vi) That the Court grant any other relief in favor of Plaintiff that it deems just and proper.

Dated: New York, NY
April 3, 2025

                                                Respectfully submitted,

                                                */s/James H. Power*
                                                James H. Power
                                                **HOLLAND & KNIGHT LLP**
                                                787 Seventh Avenue
                                                New York, NY 10019
                                                Tel: (212) 513-3494
                                                james.power@hklaw.com

**VERIFICATION**

I, James H. Power, declare as follows:

I am a member of the firm Holland & Knight and counsel for Cardinal Marine, LLC, plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Plaintiff or otherwise obtained by myself or provided to me by Corbett or its counsel in both *In re Corbett Aggregates Companies, LLC*, 24-21132-ABA (Bankr. D. N.J.) and the *Cardinal Marine, LLC v. Corbett Aggregate Company, LLC*, 1:16-cv-07833-ESK-TJB (D. NJ) and corresponded with Plaintiff Cardinal as well as the Trustee and Trustee's counsel regarding this matter. I am authorized by Plaintiff to make this verification, and the reason for making it opposed to an officer of director of Plaintiff is that there are none within the jurisdiction of this Honorable Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of April, 2025 at New York, New York.

    */s/James H. Power*
    James H. Power